| | |
|---|---|
| BOSA DEVELOPMENT CALIFORNIA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant. | Case No.: 3:17-cv-00945-L-BGS <br><br> **ORDER DENYING DEFENDANT'S MOTION [Doc. 4] TO DISMISS** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Pending before the Court is Defendant Liberty Mutual Life Insurance Company's motion to dismiss Plaintiffs' complaint. Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

//

//

//

//

//

# I. BACKGROUND

This case arises out of an insurance dispute. Plaintiffs Bosa Development California I ("Bosa 1") and Bosa Development California II ("Bosa II", collectively, "Plaintiffs") are real estate developers and general contractors. Using the labor of subcontractors, Plaintiffs built three high rise residential towers in downtown San Diego and one in Irvine ("the Projects). Plaintiffs then sold all of the individual residential units in the Projects to purchasers and created homeowners' associations that assumed ownership over common areas.

In connection with the Projects, Plaintiffs obtained three liability insurance policies from Defendant Liberty Mutual Fire Insurance Company ("Defendant"). Under these policies, Defendant insured Plaintiffs and any other enrolled contractors or subcontractors against certain losses incurred in connection with the development and construction of the Projects. Each policy provided for a $500,000 deductible, which was to apply on a "per occurrence" basis to both defense and indemnity expenditures. The parties also executed a "Deductible Collateral Agreement", which provided that Plaintiffs pay $4,620,000 into a "Cash Collateral Fund." The Cash Collateral Fund is managed by Defendant, who holds the money in trust for Plaintiffs. Under the Deductible Collateral Agreement, Defendant was entitled to "draw down" the Cash Collateral Fund to cover deductible expenses and "claims handling expense charges" of $2,085, on a "per claim" basis. The Deductible Collateral Agreement obligates Defendant to return to Plaintiffs any residual balance left in the Cash Collateral Fund as soon as practicable upon the expiration of risk of the need to pay further policy deductibles.

Each of the homeowners' associations has sued Plaintiffs for construction defects resulting from alleged negligent development and/or construction. Defendant defended and indemnified Plaintiffs against these suits. In the process, Defendant drew down the Cash Collateral Fund a total of $2,008,340, encompassing a $500,000 deductible and a $2,085 claims handling expense charge for each of the four lawsuits. About twenty three Individual homeowners and insurers of individual homeowners have also filed claims

against Plaintiffs complaining of construction defects stemming from the negligent development and construction of each Project.

The insurance policies define the term "occurrence" to include "continuous and repeated exposure to the same general harmful conditions." Given this policy provided definition, Plaintiffs allege that California law provides there can only be four occurrences at issue here: the negligent development and construction of each of the four Projects. If only four occurrences are at issue, it would follow that Plaintiffs needed only pay four separate deductibles. However, Plaintiffs allege that Defendant has implemented a "Multiple Occurrences Policy" pursuant to which "(1) each separate defect category in a given construction defect case constitutes a separate occurrence; (2) defects arising out of construction work performed by a separate subcontractor constitutes a separate occurrence; and (3) each separate lawsuit or claim arising out of the same construction project constitutes a separate occurrence." (Compl. ¶ 112.) As a result of this policy, Plaintiffs allege Defendant has wrongfully collected more than the $2,000,000[1] in deductible fees to which it is entitled.

On April 3, 2013, Defendant filed a declaratory relief action against Plaintiffs and others arising out of the same transactions as the present case. *Liberty Life Fire Ins. Co. v. Bosa Dev. California II, Inc.*, 3:17-cv-00666-L-BGS. On the same day, Plaintiffs filed the present action against Defendant in state court. Plaintiffs' complaint alleges (1) breach of contract; (2) a right to declaratory relief; (3) breach of the implied covenant of good faith and fair dealing; (4) fraud; (5) conversion; (6) civil theft; (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"); (8) a right to an accounting; and (10) a right to money had and received. (Compl. [Doc. 1-2].) Defendant removed to Federal Court and, pursuant to the low number rule, the Clerk of Court transferred the removed action to the same docket as Defendant's earlier

---

[1] 4 occurrences times $500,000 deductibles.

filed declaratory action. Defendant now moves to dismiss the Complaint as to the UCL cause of action only. (MTD [Doc. 4].) Plaintiffs oppose. (Opp'n [Doc. 14].)

## II. LEGAL STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a Rule 12(b)(6) motion, the court must assume the truth of all factual allegations and "construe them in the light most favorable to [the nonmoving party]." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

As a general matter, courts may not consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by the parties. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. *Id.* The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).
//

## III. DISCUSSION

Defendant argues that the Court should dismiss Plaintiffs' UCL Claim because (1) Plaintiffs have not properly alleged Defendant engaged in unfair competition and (2) even if Defendant engaged in unfair competition, Plaintiffs are not entitled to any of the remedies provided by the UCL. Neither argument is persuasive.

The UCL broadly prohibits "unfair competition", which consists of any unlawful, unfair, or fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. A plaintiff need only allege one of the three proscribed types of unfair completion to sustain a UCL Claim. *Davis v. HSBC Bank Nevada*, 691 F.3d 1152, 1168 (9th Cir. 2012). As to the unlawful prong, the UCL is a derivative claim that borrows other laws and provides distinct remedies for their violation. "Virtually any state, federal, or local law can serve as the predicate for" a UCL claim. *People ex rel. Bill Lockyer v. Fremont Life Ins. Co*, 104 Cal. App. 4th 508, 515 (2002).

Here, Plaintiffs allege, among other things, that Defendant's practice of overcharging deductible fees under its Multiple Occurrences Policy violates California's common law prohibiting conversion and civil theft. In their motion to dismiss, Defendant presents no argument suggesting Plaintiffs have not properly stated these claims. Accordingly, the Court finds Defendant has failed to demonstrate that Plaintiffs have not properly alleged a predicate act of unfair completion.

Next, Defendant argues that, even if Plaintiffs have properly alleged a predicate act of unfair completion, the UCL claim must nevertheless fail because Plaintiffs are not entitled to any UCL provided remedy. Generally speaking, a prevailing UCL plaintiff is only entitled to injunctive relief and/or restitution, but not damages or attorneys' fees. *Zhang v. Superior Court*, 57 Cal. App. 4th 364, 371 (2013). As to restitution, the UCL provides that a court may return to a plaintiff any money that a defendant wrongfully took from the plaintiff through a predicate act of unfair competition. Cal. Bus. & Prof. Code § 17203. Here, Plaintiffs allege that, through conversion and civil theft, Defendant has taken more money from them than the parties' agreements permit. If Plaintiffs

prevail, it seems likely that they would be entitled to recover these funds as restitution. Accordingly, the Court finds Defendant has failed to establish as a matter of law that Plaintiff could not feasibly obtain any relief available under the UCL.

## IV.  CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss. Furthermore, no later than fourteen days after the entry of this order, the parties shall either file a non-opposition to the consolidation of the present action and Defendant's earlier filed complaint seeking declaratory relief (3:17-cv-00945-L-BGS) or show cause as to why the Court should not consolidate the two cases.

**IT IS SO ORDERED.**

Dated: October 26, 2017

_____
Hon. M. James Lorenz
United States District Judge